# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

**ROGER PRINGLE,**

    **Petitioner,**

**v.**                                                          **Case No. 2:18-cv-00955**

**MARK R. SEVIER,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On May 21, 2018, the petitioner filed a "Motion to Remove from State Court to Federal of Charleston, West Virginia" (ECF No. 1). Also pending are the petitioner's "Motion of Rebuttal Evidence" (ECF No. 3), "Motion to Transfer from State Court to Federal Court" (ECF No. 4), "Petition under All Writs Act" (ECF No. 5) and two "Motions to Transport and Hearing by Jury Trial and Motion for Appointment of Counsel" (ECF Nos. 6 and 9). This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY AND ALLEGATIONS

This is the fifth of six civil actions filed in this court by the petitioner since December of 2016 concerning his criminal proceedings in Bartholomew County, Indiana.[1]

---

[1] On December 12, 2016, the petitioner also filed another civil action unrelated to his criminal proceedings, *Pringle v. The Land Office of Records, Charleston, West Virginia*, No. 2:16-cv-12089, which was dismissed as frivolous on April 10, 2017.

The first two matters, styled as *Pringle v. Miami Corr. Facility*, No. 2:16-cv-12029, filed on December 12, 2016, and *Pringle v. Miami Corr. Facility*, No. 2:16-cv-12373, filed on December 20, 2016, were docketed as Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and were transferred to the United States District Court for the Southern District of Indiana, which subsequently transferred both petitions to the United States District Court for the Northern District of Indiana. Both petitions were dismissed without prejudice on March 2, 2017 as being duplicative of a section 2254 petition already pending in that court, No. 3:16-cv-00717, which was dismissed on that same date for failure to exhaust state court remedies.

Undeterred by this court's Orders informing him that this court is not the proper jurisdiction and venue to consider his habeas corpus claims, the petitioner continued to write letters to this court and its Clerk seeking legal advice and assistance of counsel. Then, on January 12, 2018, the petitioner filed a third habeas corpus petition in this court, *Pringle v. Sevier*, No. 2:18-cv-00050, which the undersigned has recommended be dismissed without prejudice for lack of personal jurisdiction and venue.

Then, on May 8, 2018, the petitioner filed an action against the Attorney General U.S.A., which has been treated as a Complaint under the Federal Tort Claims Act. *See Pringle v. Attorney General U.S.A.*, No. 2:18-cv-00901. That matter is assigned to the Honorable John T. Copenhaver, Jr., and will be separately addressed.

The petitioner is incarcerated in the Westville Correctional Facility in Westville, Indiana, where he is serving an 18-year sentence after being convicted of one count of burglary in the Superior Court of Bartholomew County, in Columbus, Indiana, on April 4, 2012. In the instant matter, which was filed by the petitioner on May 21, 2018, the petitioner seeks to remove or transfer to this court a pending petition for a writ of habeas

corpus filed in the Circuit Court of Madison County, Indiana, simply because the petitioner does not believe he can get a fair ruling and receive justice in the Indiana courts. After filing the instant petition, the petitioner filed another nearly identical motion in *Pringle v. Zatecky*, No. 2:18-cv-01023, which will be addressed in a separate Proposed Findings and Recommendation.

## ANALYSIS

Section 1441(a) of Title 28 provides, in pertinent part, as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States where such action is pending.

28 U.S.C. § 1441(a). To the extent that the petitioner is attempting to remove his pending state habeas corpus proceeding to this United States District Court, there are several reasons why such removal is improper.

First, presuming that the petitioner's habeas corpus petition is a civil action over which a federal district court would have original jurisdiction, the petitioner is not a defendant therein. Rather, he is the petitioner/claimant and he has no authority to remove his case under 28 U.S.C. § 1441. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *see also Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986) ("the petitioner in a state court proceeding ha[s] no power to remove his own case. Removal is available only to defendants.") Moreover, even if the petitioner had the authority to remove his case to federal court, he would be required by the statute to remove the matter to the United States District Court for the Southern District of Indiana, in which the Circuit Court of Madison County is located, and is where the "action is pending."

3

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that, pursuant to 28 U.S.C. § 1441, the petitioner may not remove or transfer his state habeas corpus proceeding from the Circuit Court of Madison County, Indiana, to this United States District Court. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's "Motion to Remove from State Court to Federal of Charleston, West Virginia" (ECF No. 1), "Motion of Rebuttal Evidence" (ECF No. 3), "Motion to Transfer from State Court to Federal Court" (ECF No. 4), "Petition under All Writs Act" (ECF No. 5) and "Motions to Transport and Hearing by Jury Trial and Motion for Appointment of Counsel" (ECF Nos. 6 and 9) and **DISMISS** this matter from the docket of this court.

The petitioner has been repeatedly advised by this court that, because he was not convicted in and is not incarcerated in the Southern District of West Virginia, this United States District Court has no jurisdiction over his custodian or his court of conviction, and that the Southern District of West Virginia is not the proper venue to review his claims for habeas corpus relief. Nonetheless, he continues to file frivolous petitions and motions herein and is unnecessarily taxing judicial resources to address matters upon which he can obtain no relief in this court. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge consider imposing a pre-filing injunction prohibiting the petitioner from filing any additional petitions or motions in this court pertaining to his criminal and habeas corpus proceedings in Indiana.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the

petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner.

July 2, 2018

Dwane L. Tinsley
United States Magistrate Judge