# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

ROGER PRINGLE,

        Plaintiff,

v.                                  CIVIL ACTION NO. 2:18-cv-00955

MARK SEVIER,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court are Petitioner's "Motion to Remove from State Court to Federal of Charleston, West Virginia," (ECF No. 1), "Motion of Rebuttal Evidence," (ECF No. 3), "Motion to Transfer from State Court to Federal Court," (ECF No. 4), "Petition under All Writs Act," (ECF No. 5), and two "Motions to Transport and Hearing by Jury Trial and Motion for Appointment of Counsel," (ECF Nos. 6, 9). By Standing Order filed in this case on May 22, 2018, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 2.) Magistrate Judge Tinsley entered his PF&R on July 2, 2018, recommending that the Court find that, pursuant to 28 U.S.C. § 1441, Petitioner may not remove or transfer his state habeas corpus proceeding from the Circuit Court of Madison County, Indiana, to this Court. (ECF No. 10 at 4.) Based on that proposed finding, the PF&R further recommends that the Court deny the aforementioned motions, (ECF Nos. 1, 3, 4, 5, 6, 9), and dismiss this matter from the Court's docket. (ECF No. 10 at 4.) Finally, the PF&R recommends that the Court consider imposing a prefiling injunction prohibiting

Petitioner from filing additional petitions or motions in this Court related to his criminal and habeas corpus proceedings in Indiana. (*Id.*)

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

To date, no objections have been filed. However, Petitioner made three additional filings styled as motions following the entry of the PF&R. He filed a "Motion for Judgment on Writ of Habeas Corpus Pleadings," (ECF No. 11), a "Motion for Judgment on Pleadings," (ECF No. 12), and a "Motion for Judgment on Pleadings of Writ of State Habeas Corpus," (ECF No. 13). These one-page documents discuss Petitioner's writ of habeas corpus proceeding allegedly filed in the Circuit Court of Madison County, Indiana, on March 5, 2018, and ask "for an [sic] ruling on the habeas corpus with the evidence mailed" to the Court. (*See* ECF No. 11 at 1; ECF No. 12 at 1.) Apparently, Petitioner believes that because the Indiana state court has not ruled on his habeas petition for "over three months," he can rely on 28 U.S.C. § 1441 to remove the case to this Court. (*See* ECF No. 13 at 1.) As explained in the PF&R, however, Petitioner has no authority to remove his case to this Court under that federal statute. (*See* ECF No. 10 at 4.) Thus, even if the three motions could be construed as objections to the PF&R, they are **OVERRULED** as too general

and do not warrant a *de novo* review of any conclusion within the PF&R. *See Orpiano*, 687 F.2d at 47.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 10), and **DENIES** Petitioner's "Motion to Remove from State Court to Federal of Charleston, West Virginia," (ECF No. 1), "Motion of Rebuttal Evidence," (ECF No. 3), "Motion to Transfer from State Court to Federal Court," (ECF No. 4), "Petition under All Writs Act," (ECF No. 5), two "Motions to Transport and Hearing by Jury Trial and Motion for Appointment of Counsel," (ECF Nos. 6, 9), "Motion for Judgment on Writ of Habeas Corpus Pleadings," (ECF No. 11), "Motion for Judgment on Pleadings," (ECF No. 12), and "Motion for Judgment on Pleadings of Writ of State Habeas Corpus," (ECF No. 13). While the PF&R also recommends that the Court consider imposing a prefiling injunction in this case, the Court does so in a memorandum opinion and order entered on this same date in one of Petitioner's related cases. (*See Pringle v. Zatecky*, Civil Action No. 2:18-cv-01023, ECF No. 11 at 3.) The Court further **DIRECTS** the Clerk to remove this action from the docket of the Court.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 4, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE